IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| BRANDON ALBINO MARROQUIN RALDA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-1023 (AJT-LRV) |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Before the Court is Brandon Albino Marroquin Ralda's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on April 14, 2026.

Petitioner is a native and citizen of Guatemala, who entered the United States as an unaccompanied minor in 2013. [Doc. No. 1] ¶¶ 25–26. Petitioner resides in Alexandria, Virginia with his uncle and cousins, and is an active member of his local church. *Id.* ¶¶ 29, 31. Petitioner has an asylum claim that remains pending in immigration court concerning his fear of persecution and violence if he were to return to Guatemala. *Id.* ¶ 28. On February 28, 2026, Petitioner was arrested by immigration officials and eventually taken to the Farmville Detention Center, where he remains detained without the opportunity to post bond. *Id.* ¶¶ 3, 32–33.

On April 15, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 4]. In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and

under section 1226(a) and as a matter of constitutional due process, Petitioner is entitled to a bond hearing before an Immigration Judge. Accordingly, the Petition is GRANTED, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that if Petitioner is granted bond by an Immigration Judge, Respondents are ENJOINED from denying bond to Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2).

The Clerk is directed to forward a copy of this Order to counsel of record.

April 17, 2026
Alexandria, Virginia

Anthony J. Trenga
Senior United States District Judge

2